**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NBT ASSOCIATES, INC.,
A Michigan corporation
ALLEGIANCE INSURANCE
AGENCY XIV, INC.,
A Michigan corporation
ALLEGIANCE INSURANCE
AGENCY VI, INC. ,
A Michigan corporation
PLAINTIFFS,

-V-

HELIX TELECOM INC.
A foreign corporation
DEFENDANT.

CASE NO:2:23-CV-10499-PDB-APP
HON.: PAUL D. BORMAN

---

KIOUSIS LAW, P.C.
Steven T. Kiousis P-46573
Attorney for Plaintiff
1985 West Big Beaver Road, Suite 210
Troy, MI 48084
Tel.: 248-550-0023/Fax:248-643-0709
Email: stk@kiousislaw.com

---

**VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF AND JURY DEMAND**
CORRECTED/AMENDED

**NOW COMES** Plaintiffs NBT Associates, Inc., A Michigan corporation, Allegiance Insurance Agency XIV, Inc. , A Michigan corporation, and Allegiance Insurance Agency VI, Inc., A Michigan corporation, (hereinafter the “Plaintiffs”) by and through their attorneys KIOUSIS LAW, P.C and for Plaintiffs’ Verified Complaint against the Defendant’s HELIX TELECOM INC., a foreign corporation,

("HELIX") and states, upon information and belief, as follows:

1. That Plaintiff NBT Associates, Inc. is a Michigan corporation duly authorized to do business in the state of Michigan and conducts substantial business activity in the State of Michigan with its principal office in Oakland County, Michigan.
2. That Plaintiff Allegiance Insurance Agency XIV, Inc. is a Michigan corporation duly authorized to do business in the state of Michigan and conducts substantial business activity in the State of Michigan with its principal office in Kent County, Michigan.
3. That Plaintiff Allegiance Insurance Agency VI, Inc. is a Michigan corporation duly authorized to do business in the state of Michigan and conducts substantial business activity in the State of Michigan with its principal office in Kent County, Michigan.
4. That Plaintiffs operate under the trade name "ADVASURE" which is a federally registered trademark.
5. That Plaintiff NBT Associates Inc. manages the trademark and the business operations of the Plaintiffs Allegiance Insurance Agency XIV, Inc. and Allegiance Insurance Agency VI, Inc.
6. That Defendant HELIX upon information and belief is a Wyoming Corporation which at all relevant times did substantial business within the

state of Michigan.

7. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in this Court under 28 U.S.C. 1391 because Defendant does business throughout this district and a substantial part of the events or omissions giving rise to Plaintiffs complaint occurred in this district.

9. At all times relevant hereto, Defendant provided VOIP telephone communication services throughout the state of Michigan and in this district.

**GENERAL ALLEGATIONS**

10. That Plaintiffs are in the insurance business and has multiple insurance location within the State of Michigan.

11. That Plaintiffs have had certain telephone numbers associate with their business for approximately 20 years.

12. That the phone numbers at issue are: (248-564-3900, 248-855-0404, 616-538-9800 and 616-245-5100 (hereinafter referred to as "Plaintiffs' Telephone Numbers").

13. That in February 2017, Plaintiffs contacted Defendant*[1], a

[1] Plaintiff has discovered that Defendant's FCC licenses does not include Michigan. (Exhibit - 1). Plaintiff has also discovered that Defendant has not secured a license

telecommunications service provider, to port Plaintiffs' Telephone Numbers over to Defendant.

14. That since February 2017, Plaintiffs utilized Defendant for its telephone communications services.

15. In February 2017, Plaintiff spoke with Defendant's principal and representative David Walker regarding the Plaintiffs' telecommunication service needs, telephone numbers and services required.

16. Defendant through David Walker established the telecommunication services for Plaintiffs' Telephone Numbers and ported over the Plaintiffs' Telephone Numbers from a different telecommunications carrier and that Defendant through David Walker established the account for the multiple telephone numbers and also established the billing process for the accounts.

17. That the accounts established by the Defendant through David Walker for Plaintiffs' Telephone Numbers are as follows: Advasure Account:21130 (248-564-3900 & 248-855-0404) Account: 20643 (616-538-9800), Account 20645 (616-245-5100) (hereinafter collectively referred to as Plaintiffs Accounts").

18. That since February 2017 Plaintiff paid all balances due for the

---

to conduct Telecommunication services in Michigan that Defendant never registered as a foreign corporation doing business in Michigan. (Exhibit – 2 & 3).

telecommunication services provided by Defendant.

19. That in January 2023 Plaintiffs realized that the phones for Accounts 20630 (Eastpointe – since October 2022) and 20923 (Flint – Since July 2022)were not working properly for people calling from outside the Helix system. Despite testing the call forwarding function from the Plaintiffs Office to make sure that the call forwarding was in place, when a customer called from outside the Helix System, the telephone lines would ring with a busy signal and the customer calls would not be forwarded.

20. That in January 2023, Plaintiff contacted Defendant to address the issue with the Accounts 20630 and 20923.

21. That Defendant restored the numbers associated with Accounts 20630 and 20923 and Defendant did not issue any invoice or asses any fees to repair the lines. (Exhibit - 4)

22. That after the numbers associated with Accounts 20630 and 20923 were restored, Plaintiff ported accounts 20644, 20943, 20630, 20923, 20940 to another telecommunications service provider.

23. That after Plaintiffs ported the lines to a different telecommunications carrier, Defendant claimed that Plaintiffs violated the Defendant's Terms of Service as to the remaining accounts associated with Plaintiffs' Telephone Numbers and refused to port them to a new telecommunications carrier and terminated

the accounts and telephone lines. (Exhibit -5)

24. That after Plaintiff sought to port Account 20944 to a different telecommunication services carrier, Defendant suddenly claimed that Plaintiff violated the terms of service and terminated the Plaintiffs' Telephone Numbers and refused to allow the Plaintiffs' Telephone Numbers to be ported to a new carrier.

25. That Defendant, after receiving notice that Plaintiff desired to switch carriers, wrongfully terminated Plaintiffs Accounts and deactivated Plaintiffs' Telephone Numbers.

26. That Defendant has wrongfully refused to allow Plaintiffs to port the Plaintiffs' Telephone Numbers to a different carrier.

27. That Defendant has wrongfully terminated and shut off Plaintiffs' Telephone Numbers, Plaintiffs Account and Plaintiffs telecommunications services.

28. That Plaintiffs underwriters have contacted Plaintiffs and threatened to sever the insurance agency agreements with Plaintiffs because Defendant canceled the Plaintiffs' Telephone Numbers, and the underwriter and customers are unable to contact Plaintiffs. ( Exhibit - 6).

29. That Plaintiffs have performed all actions required under the agreement with Defendant and Defendant is paid in full on all account balances.

30. Defendant owed a duty to Plaintiffs to exercise reasonable care in establishing

the Plaintiffs Account for Plaintiffs' Telephone Numbers with the Defendant.

31. That Defendant breached the agreement with Plaintiffs resulting in damages to Plaintiffs as shall be shown at trial.

32. Defendant owed a duty to properly established the Plaintiffs Account for Plaintiffs' Telephone Numbers with Defendant resulting in damages to Plaintiffs.

33. Defendant's breach of its duties was the proximate cause of the damages to Plaintiffs.

34. Defendant's breach the contract with Plaintiffs resulting in damages to Plaintiffs.

35. That Plaintiffs established good will and other property rights in Plaintiffs' Telephone Numbers.

36. That Plaintiffs have a property right in the Plaintiffs' Telephone Numbers.

37. That Plaintiffs will suffer irreparable harm if Defendant terminates Plaintiffs' Telephone Numbers.

38. That Plaintiffs have a legal right to have Plaintiffs' Telephone Numbers ported to a new telecommunications carrier.

39. That The Defendant has caused damages to Plaintiffs as follows:

    a. by terminating its telecommunications services and shutting down Plaintiffs' Account and Plaintiffs' Telephone Numbers;

b. by failing to port Plaintiffs' Telephone Numbers to a new carrier;

c. by threatening to cause Plaintiffs' Telephone Numbers to be lost and no longer available to Plaintiffs;

d. Other damages to be shown at trial.

COUNT I

(Declaratory Judgment Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57)

40. That Plaintiffs re-allege and incorporate by reference all the above paragraphs of this Complaint as though fully set forth herein.

41. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the Agreement, in that Plaintiffs contends that Plaintiffs have a legal property right in Plaintiffs Telephone Numbers and that Plaintiffs have the right to have the Plaintiffs Telephone Numbers ported to a telecommunication service provider and that Defendant has wrongfully interfered with Plaintiffs attempt to port the Plaintiffs' Telephone Numbers to a new carrier and further that Defendant has wrongfully terminated Plaintiffs' Accounts and Plaintiffs' Telephone Numbers.

42. An actual controversy has arisen and now exists between the parties concerning Defendant's tortious interference with Plaintiffs' business relationships and expectancies due to Defendant's knowledge of those relationships/expectancies

and intentional interference with those relationships/expectancies in order to cause a breach of termination of the relationships/expectancies.

43. Plaintiffs desire a judicial determination of its rights and Defendant's duties under the Agreement, applicable law and the law of tortious interference and a corresponding declaration.

44. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and Defendant's duties.

45. Unless Defendant is enjoined from continuing to violate the Plaintiffs' rights, the Agreement and commit tortious interference, Plaintiffs will suffer irreparable injury in the form of a lost property rights, a substantial volume of lost business and lost insurance agency agreements.

46. Plaintiffs cannot be fully compensated in damages and is without an adequate remedy at law because the tremendous amount of damage it will sustain and the loss of property rights .

WHEREFORE, Plaintiffs respectfully seeks the following relief:

1. Declare that Defendant has breached the Agreement and committed tortious interference with Plaintiffs' business relationships and expectancies;

2. Enjoin and restrain Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

a) terminating Plaintiffs' Telephone Numbers 248-564-3900, 248-855-0404, 616-538-9800 and 616-245-5100; and

b) taking any action which would cause Plaintiffs' Telephone Numbers 248-564-3900, 248-855-0404, 616-538-9800 and 616-245-5100 to be lost or otherwise terminated;

3. Require Defendant to restore and/or reactivate Plaintiffs' Telephone Numbers 248-564-3900, 248-855-0404, 616-538-9800 and 616-245-5100 until further Order of this Court;

4. Require Defendant to immediately port or release to Plaintiffs' Telephone Numbers 248-564-3900, 248-855-0404, 616-538-9800 and 616-245-5100 to Plaintiffs new telecommunications service provider;

5. Award Plaintiffs any damages incurred;

6. Award Plaintiffs attorney fees and costs incurred; and

7. Award such other and further relief as the Court deems just and proper.

## COUNT I
## BREACH OF CONTRACT

47. That Plaintiffs re-allege and incorporate by reference all the above paragraphs

of this Complaint as though fully set forth herein.

48. That Plaintiffs entered into an agreement with Defendant in which Defendant agreed to furnish certain telecommunications services to Plaintiffs with respect to Plaintiffs' Telephone Numbers.

49. That That Plaintiffs Accounts were established in February 2017 by Plaintiffs and Defendant through Defendant's President, David Walker, who was aware of Plaintiffs business model, multiple locations and multiple telephone numbers and other business requirements which Defendant established to suit the needs of the Plaintiffs.

50. That Plaintiffs have a legal right to have Plaintiffs' Telephone Numbers ported to a new telecommunications carrier.

51. That Defendant breached its contract with Plaintiffs.

52. That as a result, Plaintiffs suffered damages.

53. That Plaintiffs seek an order requiring Defendant to stop any termination of Plaintiffs' Telephone Numbers and requiring Defendant to allow Plaintiffs' Telephone Numbers to be ported to a new telecommunications carrier.

WHEREFORE, Plaintiffs demands judgment in its favor and against the Defendant and award the following damages:

a) Compensatory damages in an amount in excess of $75,000.00 and that is sufficient to compensate Plaintiff for its actual, consequential

and incidental losses sustained as a result of the Defendant's wrongful actions;

b) interest, costs and reasonable attorney's fees;

c) such other and further relief that this Court shall deem just and proper.

COUNT III
TORTUOUS INTERFERENCE WITH
CONTRACTOR RELATIONSHIPS/BUSINESS EXPECTANCY

54. That Plaintiffs re-allege and incorporate by reference all the above paragraphs of this Complaint as though fully set forth herein.

55. That Plaintiffs retained the services of Defendant for Plaintiffs' Telephone Numbers which Defendant knew or should have known the Plaintiffs' Telephone Numbers were associated with Plaintiffs Business.

56. That Plaintiffs had a contract or a business relationship or expectancy with respect to Plaintiffs' Telephone Numbers and Plaintiffs Accounts and that Defendant knew or should have known that terminating Plaintiffs' Telephone Numbers and accounts would result in substantial loss of property rights and damages to Plaintiffs.

57. That the Plaintiffs business relationship and/or expectancies as set forth in this Complaint had a reasonable likelihood of future economic benefit to the Plaintiffs.

58. That Defendant knew of the property rights, the business relationships, and expectancies between Plaintiffs at issue.

59. That by its conduct as described in this complaint, the Defendant intentionally and wrongfully interfered with the Plaintiffs' Telephone Numbers, business relationships and expectancies of Plaintiffs.

60. That the actions of the Defendant were intended to and did interfere with the contracts and business relationships and expectancies of Plaintiffs and their customers causing their breach, disruption and/or termination.

61. That as a direct and proximate result of the Defendant wrongful conduct, Plaintiffs suffered substantial economic injury, loss of good will, harm to its business, reputation, lost profits, lost revenue, loss of esteem and standing in the community and loss of business opportunities.

WHEREFORE, Plaintiffs demands judgment in its favor and against the Defendant and award the following damages:

a) Compensatory damages in an amount in excess of $75,000.00 and that is sufficient to compensate Plaintiff for its actual, consequential and incidental losses sustained as a result of the Defendant's wrongful actions;

b) interest, costs and reasonable attorney's fees;

c) such other and further relief that this Court shall deem just and proper.

VERIFICATION

I Manar Abbo, as the President of NBT ASSOCIATES, INC., A Michigan corporation, ALLEGIANCE INSURANCE AGENCY XIV, INC., A Michigan corporation and ALLEGIANCE INSURANCE AGENCY VI, INC. A Michigan corporation verify and affirm that the foregoing allegations Contained in the Verified Complaint are true and correct to the best of my knowledge information and belief.

Manar Abbo President of
NBT ASSOCIATES, INC., ALLEGIANCE
INSURANCE AGENCY XIV, INC., and
ALLEGIANCE INSURANCE AGENCY VI, INC.

State of Michigan )
County of Oakland)

Subscribed and sworn to before me on this 2 day of March 2023 by Manar Abbo, as the President of NBT ASSOCIATES, INC., A Michigan corporation, ALLEGIANCE INSURANCE AGENCY XIV, INC., A Michigan corporation and ALLEGIANCE INSURANCE AGENCY VI, INC. A Michigan corporation as his duly authorized act and deed.

Dawne M Kabold
Notary

DAWNE M. KABOLD
Notary Public, State of Michigan
County of Macomb
My Commission Expires 11-09-2028
Acting in the County of Oakland

Respectfully submitted:
**KIOUSIS LAW, P.C.**

*/s/Steven T. Kiousis P-46573*
Steven T. Kiousis P-46573
Attorney for Plaintiff
1985 West Big Beaver Road, Suite 210
Troy, MI 48084
Tel.: 248-550-0023/Fax: 248-643-0709
Email: stk@kiousislaw.com

JURY DEMAND

Plaintiff demands a trial by jury in the above matter.

Respectfully submitted:

**KIOUSIS LAW, P.C.**
*/s/Steven T. Kiousis P-46573*
Steven T. Kiousis P-46573
Attorney for Plaintiff
1985 West Big Beaver Road, Suite 210
Troy, MI 48084
Tel.: 248-550-0023/Fax: 248-643-0709